UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TAMISHA BICKHAM ROBERSON | * | CIVIL ACTION |
| VERSUS | * | NO. 23-4022 |
| DEPARTMENT OF SOCIAL SERVICES, STATE OF LOUISIANA, ET AL. | * | SECTION "H" (2) |

## REPORT AND RECOMMENDATION

Plaintiff Tamisha Bickham Roberson filed a Complaint and Motion for Leave to Proceed *in forma pauperis* on August 23, 2023. ECF Nos. 1, 2. Plaintiff filed a Motion to Appoint Counsel concurrently with her complaint. ECF No. 3. Two days later, Plaintiff filed an "Order of Protection" seeking the same relief identified in her Complaint. ECF No. 6.

Consistent with the duties imposed by 28 U.S.C. § 1915(a) and (e)(2)(B), the Court directed Plaintiff to file a written response showing cause why her complaint should not be dismissed as frivolous and setting forth the specific facts upon which she relies to distinguish her current claims from those already dismissed by the court by Tuesday, October 31, 2023. ECF No. 7. Plaintiff mailed a Response to the Order to Show Cause on October 28, 2023. ECF No. 8.

## I.    PLAINTIFF'S CLAIMS

Although not clear, Plaintiff appears to name several family members and public entities or officials as defendants:

(1)    Jefferson Parish District Attorney Paul Connick;
(2)    Kenner Police Capt. Michael Cunningham and/or the Kenner Police Department;
(3)    Morgan City Policy Chief Chad M. Adams and/or Morgan City Police Department;
(4)    JPSO Deputy Samantha Webb;
(5)    New Orleans 5th District Police Department;
(6)    Orleans Parish Child Protection Services;
(7)    Tarrant County, Texas Police Department;
(8)    Morgan City Housing Authority director Clarence Robertson and/or Morgan City Housing Authority;
(9)    Jackson State Hospital;
(10)   Marion Johnson (identified in caption only);

     (11)    Clayton Latimer (identified in caption only);
     (12)    Robin Bickham Lee (sister);
     (13)    Gerald Jones (brother);
     (14)    Roxanne Lenoir (aunt);
     (15)    Rohillion Brown (unspecified relation);
     (16)    Kim Webb (aunt);
     (17)    Glenn Webb (unspecified relation);
     (18)    Jahmar Webb (brother);
     (19)    Ronnie Bickham (brother);
     (20)    Twain Smith (ex-boyfriend);
     (21)    Ronald Gatlin (father of children); and
     (22)    Jefferson Parish Public School, Hazel Park Elementary.

ECF No. 1 at 1, 2-3 (Section I(B)), 6-7.[1]  Under the Statement of Claim section, Plaintiff states

that she won a custody case against her now deceased mother on June 6, 2005, but that the custody

judgment was violated on December 7, 2007.  Plaintiff contends that she filed suit in federal court

for that 2007 violation, and the federal judge

> failed to protect Plaintiff and her children/grandchildren from more harm injuries, hate crimes and discrimination.  After that all defendants respondents of summary judgement and to state a claim on which relief can be granted.  The federal Judges sided with the defendants and criminally intent to fraudulently cover up corruption against plaintiff from granting relief for injuries fraudulently messing up plaintiff an[d] her children/grandchildren's lives in public corruption long suffering torture over several years. (Judicial Misconduct)  My family is involved alone with ex-boyfriends who was bribed to abusively setup hate crimes against plaintiff and children/grandchildren . . . .

*Id*. at 4.  Plaintiff appears to assert *Bivens* claims against federal officials and § 1983 claims against

state or local officials for failure "to protect plaintiff incorrect judgement [sic] and violations of

civil rights in federal court," and that the "defendant's federal Judge's Final Judgment was

incorrect[]."  *Id*. at 3-4.

     Her separate attached complaint similarly indicates that she seeks to recover for civil rights

violations based on a custody judgment that she alleges was violated in 2007 and for which she

---

[1] Roberson attached summonses for only the following defendants: Paul Connick, Samantha Webb, Michael Cunningham, Chad Adams, Jackson State Hospital, Marion Johnson, Robin Bickham Lee, Gerald Jones, Roxanne Lenoir, Rohillion Brown, Kim Webb, Glenn Webb, Jahmar Webb, Ronnie Bickham, Twain Smith, Ronald Gatlin, and Hazel Park Public School. See ECF Nos. 1-2 – 1-19.

sought relief in federal court in 2013. *Id*. at 6. Specifically, she contends that, on December 7, 2007, the Kenner Police Department wrongfully violated her parental rights by taking her children and giving her mother Stephanie Bickham temporary custody. *Id*. at 7. Plaintiff also contends that, most recently on May 23, 2023, Kenner police were called for domestic abuse complaint against her "daughter ex boy-friend who harassed, trafficking and drug abuse plaintiff and her daughter," but they failed to protect her. *Id*. at 4.

In her Response to Order to Show Cause, Plaintiff indicates that she was arrested again on September 15, 2023 based on "false allegations in violation of a stay away order" and a probation revocation. ECF No. 8 at 1. Plaintiff contends the recent arrest constitutes a continuation of Defendants' ten-year commission of acts of public corruption and commission of civil rights violations against her and seeks an order immediately releasing her from Jefferson Parish Correctional Facility. *Id*. at 2-3. She argues that the public official and family member defendants have conspired to set her up and cause her and her child to suffer torture, hate crimes, and organized crimes. *Id*. Her "Order of Protection" seeks relief from alleged corruption and bribery through an order against defendants who have committed "violations of abuse in public corruption under federal law of the U.S. Constitution in misconduct." ECF No. 6 at 1.

## II.    APPLICABLE LAW

### A.    Statutorily Mandated Review

There exists no absolute right to proceed *in forma pauperis* in federal civil matters; instead, it is a privilege extended to those unable to pay filing fees *when it is apparent that the claims do not lack merit on their face*.[2] Section 1915(e)(2)(B) grants the Court authority to summarily dismiss *in forma pauperis* complaints if the asserted claims are frivolous or malicious or fail to

---

[2] *See Startti v. United States*, 415 F.2d 1115, 1116 (5th Cir. 1969); *see also Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996) (noting that the revocation of the privilege of proceeding in forma pauperis is not new), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015).

state a claim upon which relief may be granted.[3]  Indeed, the statute specifically mandates that the court "must *sua sponte* dismiss [the case] at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune."[4]  This statutory review mandate applies equally to prisoner and non-prisoner *in forma pauperis* cases.[5]

A complaint fails to state a claim on which relief may be granted when the factual allegations do not rise above a speculative level, with the assumption that all factual allegations in the complaint are true, even if doubtful.[6]  The Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments.[7]  The Fifth Circuit has summarized the standard for Rule 12(b)(6):

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  A claim for relief is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  A claim for relief is implausible on its face when "the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct."[8]

"[W]hen evaluating a motion to dismiss under Rule 12(b)(6), a court must accept[ ] all well-pleaded facts as true and view[ ] those facts in the light most favorable to the plaintiff."[9]  Thus, the

---

[3] *Tam Vo v. St. Charles Par.*, No. 10-4624, 2011 WL 743466, at *1-2 (E.D. La. Feb. 3, 2011), *R. & R. adopted*, 2011 WL 740909 (E.D. La. Feb. 22, 2011).

[4] *Amrhein v. United States*, 740 F. App'x 65, 66 (5th Cir. 2018).

[5] *James v. Richardson*, 344 F. App'x 982, 983 (5th Cir. 2009) ("Section 1915(e)(2)(B) requires dismissal of frivolous IFP actions even if those actions are brought by non-prisoner plaintiffs.") (citing *Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (applying § 1915(e)(2)(B) to a non-prisoner whose complaint was frivolous)).

[6] *Garrett v. Thaler*, 560 F. App'x 375, 377 (5th Cir. 2014) (per curiam) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

[7] *Walch v. Adjutant Gen.'s Dep't*, 533 F.3d 289, 293 (5th Cir. 2008) (citation omitted).

[8] *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and quoting *Twombly*, 550 U.S. at 544).

[9] *Id.* at 803 n.44 (quoting *True v. Robles*, 571 F.3d 412, 417 (5th Cir. 2009) (internal quotations omitted)); *accord Murchison Capital Partners, L.P. v. Nuance Commc'ns, Inc.*, 625 F. App'x 617, 618 n.1 (5th Cir. 2015) (citing *Wood v. Moss*, 572 U.S. 744, 755 n.5 (2014)); *Maloney Gaming Mgmt., L.L.C. v. St. Tammany Par.*, 456 F. App'x 336, 340 (5th Cir. 2011) (quoting *Elsensohn v. St. Tammany Par. Sheriff's Ofc.*, 530 F.3d 368, 371 (5th Cir. 2008) (quoting *Iqbal*, 556 U.S. at 696); *In re Katrina Canal Breaches Litigation*, 495 F.3d at 205 n.10 (5th Cir. 2017)).

court should assume the veracity of all well-pleaded allegations, viewing them in the light most favorable to the plaintiff, "'and then determine whether they plausibly give rise to an entitlement to relief.'"[10]

In comparing a dismissal for failure to state a claim under 28 U.S.C. § 1915(e) and FED. R. CIV. PROC. 12(b)(6), *Neitzke v. Williams*, 490 U.S. 319 (1989), held that a claim that is dismissed under one rule does not "invariably fall afoul" of the other.[11]  If an *in forma pauperis* complaint lacks even an arguable basis in law, dismissal is appropriate under both Rule 12(b)(6) and §1915(e).[12]  "When a complaint raises an arguable question of law which the district court ultimately finds is correctly resolved against the plaintiff, dismissal under Rule 12(b)(6) is appropriate; however, dismissal under [§ 1915(e)'s] frivolousness standard is not."[13]

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff a chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice, unless it is clear that to do so would be futile.[14]  A court in its discretion may deny a motion to amend for futility if the amended complaint would fail to state a claim upon which relief could be granted.[15]  The decision to grant or deny leave to amend "is entrusted to the sound discretion of the district court."[16]

Pursuant to § 1915(e), a court also may dismiss an *in forma pauperis* complaint as malicious when it "seek[s] to relitigate claims which allege substantially the same facts arising

---

[10] *Jabary v. City of Allen*, 547 F. App'x 600, 604 (5th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 664); *see also Dorsey v. Portfolio Equities, Inc.*, 540 F.3d 333, 338 (5th Cir. 2008)).
[11] *Moore*, 976 F. 2d at 269 (quoting *Neitzke*, 490 U.S. at 326) (citing 28 U.S.C. § 1915(d)) (current version at 28 U.S.C. § 1915(e)).
[12] *Id.*
[13] *Id.*
[14] *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1175 (5th Cir. 2006) (Rule 15(a) "evinces a bias in favor of granting leave to amend"); *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.").
[15] *Villarreal v. Wells Fargo Bank, N.A.*, 814 F.3d 763, 766 (5th Cir. 2016).
[16] *Pervasive Software Inc. v. Lexware GMBH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012).

from a common series of events which have already been unsuccessfully litigated by the IFP plaintiff."[17]    A duplicative case is malicious "if it involves 'the same series of events' and allegations of 'many of the same facts as an earlier suit.'"[18]    The involvement of different defendants in the prior case does not affect the maliciousness of a successive action.[19]    Likewise, the assertion of a new claim in a successive complaint that arises from the same allegations of a prior complaint is also considered malicious.[20]    District courts are "'vested with especially broad discretion' in determining whether such a dismissal is warranted."[21]

### B.  Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction.    "Subject matter jurisdiction may not be waived, and the district court 'shall dismiss the action' whenever 'it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter.'"[22]    The party seeking the federal forum, in this case Plaintiff, has the burden of establishing diversity jurisdiction.[23]    If subject matter jurisdiction over the complaint is lacking, dismissal is appropriate for that reason and pursuant to § 1915.[24]

One basis for subject matter jurisdiction is diversity under 28 USC § 1332.    Federal diversity jurisdiction requires the party to demonstrate that (1) complete diversity of citizenship exists between the parties and (2) the amount in controversy exceeds $75,000.00, exclusive of

---

[17] *Wilson v. Lynaugh*, 878 F.2d 846, 850 (5th Cir. 1989) (citations omitted).
[18] *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988); *see also Lewis v. Sec'y of Pub. Safety & Corr.*, 508 F. App'x 341, 344 (5th Cir. 2013) (quoting *Bailey*, 846 F. 2d  at 1021).
[19] *See id*.
[20] *See Potts v. Texas*, 354 F. App'x 70, 71 (5th Cir. 2009) (citing *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983)).
[21] *Bailey*, 846 F. 2d at 1021.
[22] *Avitts v. Amoco Prod. Co*., 53 F.3d 690, 693 (5th Cir. 1995) (quoting Fed. R. Civ. P. 12(h)(3)).
[23] *Bynane v. Bank of N.Y. Mellon*, 866 F.3d 351, 356 (5th Cir. 2017) (citation omitted).
[24] *Humphries v. Various Fed. U.S. INS Emps.*, 164 F.3d 936, 941 (5th Cir. 1999) (citation omitted).

interest and costs.[25]  Complete diversity exists when "no party on one side [is] a citizen of the same State as any party on the other side."[26]

Another basis for jurisdiction typically invoked in civil cases is federal question jurisdiction.  28 U.S.C. § 1331.  Federal question jurisdiction is assessed under the well-pleaded complaint rule which requires that a federal question appear on the face of the well-pleaded complaint.[27]

### C.  Required Elements of a § 1983 Claim

Section 1983 creates a damages remedy for the violation of federal constitutional or statutory rights under color of state law:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any . . . person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .[28]

"The purpose of § 1983 is to deter state actors from using their badge of authority to deprive individuals of federally guaranteed rights and to provide relief to victims if such deterrence fails."[29]

A plaintiff must satisfy three elements to establish § 1983 liability:

(1)    deprivation of a right secured by the U.S. Constitution or federal law;
(2)    that occurred under color of state law; and
(3)    was caused by a state actor.[30]

Because § 1983 merely provides a remedy for designated rights, rather than creating any substantive rights, "an underlying constitutional or statutory violation is a predicate to liability."[31]

---

[25] *Garcia v. Koch Oil Co. of Tex., Inc.*, 351 F.3d 636, 638 (5th Cir. 2003) (citing *St. Paul Reinsurance Co. v. Greenburg*, 134 F.3d 1250, 1253 (5th Cir. 1998)).

[26] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citation omitted); *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted); *Bynane*, 866 F.3d at 355 (citation omitted).

[27] *Gutierrez v. Flores*, 543 F.3d 248, 251-52 (5th Cir. 2008).

[28] 42 U.S.C. § 1983.

[29] *Wyatt v. Cole*, 504 U.S. 158, 161 (1992) (citing *Carey v. Piphus*, 435 U.S. 247, 254-57 (1978)).

[30] *Victoria W. v. Larpenter*, 369 F. 3d 475, 482 (5th Cir. 2004) (citation omitted).

[31] *Harrington v. Harris*, 118 F. 3d 359, 365 (5th Cir. 1997) (citation omitted).

This requires the plaintiff to identify both the constitutional violation and the responsible person acting under color of state law.[32]  "The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'"[33]

### D. *Bivens* Actions

An action under *Bivens*, 403 U.S. at 397,[34] provides a remedy for victims of constitutional violations by federal government officials in their individual capacities.[35]  The *Bivens* holding "affords a victim of unconstitutional conduct by a federal actor or agent a direct remedy under the U.S. Constitution."[36]  To state a *Bivens* claim, a plaintiff must plead a deprivation of statutory or constitutional rights by a federal officer acting under color of federal law.[37]

While a *Bivens* action is considered the federal analog to suits brought against state officials under § 1983,[38] the Supreme Court has made clear that *Bivens* mirrors, but is *not* to be broadly construed to create rights of actions in the same manner as, the statutory provisions in § 1983.[39] The Supreme Court has reiterated that *Bivens* claims may not be implied under contexts not previously recognized by the Court.[40]  The Supreme Court has limited *Bivens* claims to the only three circumstances to support a private right of action against federal officers for constitutional violations:

---

[32] *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 156 (1978).
[33] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)); *accord Thibodeaux v. Bordelon*, 740 F. 2d 329, 333 (5th Cir. 1984).
[34] *Bivens* is a counterpart to § 1983, and extends similar protections to parties injured by federal actors.  *See Evans v. Ball*, 168 F.3d 856, 863 n.10 (5th Cir. 1999) ("A *Bivens* action is analogous to an action under § 1983–the only difference being that § 1983 applies to constitutional violations by state, rather than federal officials"), *overruled on other grounds Castellano v. Fragozo*, 352 F.3d 939, 948–49 & n.36 (5th Cir. 2003).
[35] *See Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999); *FDIC v. Meyer*, 510 U.S. 471, 484-86 (1994).
[36] *Abate v. So. Pac. Transp. Co.*, 993 F.2d 107, 110 (5th Cir. 1993).
[37] *See Bivens*, 403 U.S. at 397.
[38] *Hartman v. Moore*, 547 U.S. 250, 258 (2006).
[39] *See Ziglar v. Abbasi*, 582 U.S. 120, 131-135 (2017).
[40] *Id*. at 135; *Oliva v. Nivar*, 973 F.3d 438, 442 (5th Cir. 2020).

(1) manacling the plaintiff in front of his family in his home and strip-searching him in violation of the Fourth Amendment, *see Bivens*, 403 U.S. at 389-90; (2) discrimination on the basis of sex by a congressman against a staff person in violation of the Fifth Amendment, *see Davis v. Passman*, 442 U.S. 228 (1979); and (3) failure to provide medical attention to an asthmatic prisoner in federal custody in violation of the Eighth Amendment, *see Carlson v. Green*, 446 U.S. 14 (1980).[41]

The Supreme Court has made clear that extending *Bivens* to new contexts is a "'disfavored' judicial activity," and the Supreme Court has strongly counseled against it.[42]

### E. Standards for Preliminary Injunction

A preliminary injunction under FED. R. CIV. P. 65(a) "is an extraordinary remedy that is issued only when a party does not have an adequate remedy at law."[43] The granting of an injunction is the exception, not the rule.[44] To be eligible for a preliminary injunction, the movant must demonstrate the following:

(1) a substantial likelihood of success on the merits;

(2) a substantial threat of irreparable injury;

(3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and

(4) granting the injunctive relief will not disserve the public interest.[45]

Courts should issue a preliminary injunction only when the movant "clearly carried the burden of persuasion on all four requirements."[46] Further, FED. R. CIV. P. 65(c) provides that the issuance of a preliminary injunction shall take place only "if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found

---

[41] *Oliva*, 973 F.3d at 442 (some internal citations omitted).

[42] *Abassi*, 582 U.S. at 135 (quoting *Iqbal*, 556 U.S. at 675); *Hernandez v. Mesa*, 140 S. Ct. 735, 744 (2020).

[43] *Dennis Melancon, Inc. v. City of New Orleans*, 889 F. Supp. 2d 808, 815 (E.D. La. 2012).

[44] *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985).

[45] *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006); *United Motorcoach Ass'n, Inc. v. City of Austin*, 851 F.3d 489, 492-93 (5th Cir. 2017); *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017).

[46] *Planned Parenthood of Hous. & Se. Tex. v. Sanchez*, 403 F.3d 324, 329 (5th Cir. 2005) (quoting *Karaha Bodas Co., LLC v. Perusahaan Pertambangan Minyak Dan Gas Bumi Negara*, 335 F.3d 357, 363 (5th Cir. 2003)) (internal quotation marks omitted).

to have been wrongfully enjoined or restrained." However, Fifth Circuit precedent makes clear that in determining the proper amount of security, a court "may elect to require no security at all."[47]

## III.    ANALYSIS

Plaintiff purports to bring a *Bivens* claim against federal officials, § 1981 and § 1983 claims against state or local officials,[48] and Fair Housing Act and Title VII employment discrimination claims directed against no specific defendants.[49] Plaintiff alleges that Defendants conspired to set her up and prevent her from keeping custody of her children and that the "federal Judge's [sic] failed to protect Plaintiff and her children/grandchildren from more harm, injuries, hate crimes and discrimination.[50]

### A.    This Case is Malicious Under § 1915(e) and Subject to Res Judicata

Initially, this case is malicious within the meaning of § 1915(e) due to Plaintiff's substantially similar proceeding filed in 2013. *See* ECF No. 1 in *Bickham v. Louisiana State, et al.,* No. 13-423 (E.D. La. 2013). In that case, Plaintiff alleged that she was wrongfully arrested, resulting in the loss of custody of her children. *Id.* As Judge Engelhardt noted, Plaintiff sued "virtually every person involved in the arrest and/or the custody proceeding," including Jefferson Parish Juvenile Court, District Attorney Paul Connick and/or the Jefferson Parish District Attorney's Office, Jefferson Child Protection Services, Robin Bickham Lee (sister), Kenner Police Department, and several others.[51] Plaintiff makes the same assertions in this case against several

---

[47] *Corrigan Dispatch Co. v. Casa Guzman, S.A.*, 569 F.2d 300, 303 (5th Cir. 1978) (per curiam); *see also Humana, Inc. v. Avram A. Jacobson, MD, PA*, 804 F.2d 1390, 1394 & n.23 (5th Cir. 1986) ("[t]he amount of security required is a matter for the discretion of the trial court"); *EOG Res. Inc. v. Beach*, 54 F. App'x 592 (5th Cir. 2002) ("In this circuit, however, courts have the discretion to issue injunctions without security.").
[48] ECF No. 1 ¶ II(A) at 3.
[49] *Id*. ¶ II(C) at 3-4.
[50] *Id*. ¶ III(C) at 4.
[51] Joseph R. Casanova (plaintiff's former attorney), Stephanie Bickham (grandmother), "Goldengirl" Bickham, Samantha Barker (Jefferson CPS employee), Marion Johnson (Orleans CPS employee), Tracy Landry (Jefferson CPS employee), Twenty-Fourth Judicial District Juvenile Court Judge Nancy A. Konrad, Clayton Latimer (social service attorney for Orleans CPS), and Orleans Child Protection Services. ECF No. 46 in Civil Action No. 13-00423.

of the same defendants.[52]    As such, her claims against these defendants are malicious under § 1915(e) and subject to dismissal on that basis.  Moreover, to the extent that Plaintiff attempts to add new defendants in this case, her claim remains malicious because it arises out of a common nucleus of operative facts that could have been brought in the prior litigation.[53]

Likewise, the claims are subject to dismissal based on res judicata, which "bars the litigation of claims that either have been litigated or should have been raised in an earlier suit."[54] Although res judicata is generally an affirmative defense that must be pleaded, not raised *sua sponte*, the Fifth Circuit has recognized an exception to this rule when *sua sponte* dismissal is "in the interest of judicial economy where both actions were brought before the same court."[55]  The four elements[56] of res judicata are satisfied here.[57]

To the extent Plaintiff has included new/unrelated claims in her current case, the case is still subject to dismissal for the reasons set forth in the remainder of this Report.

---

[52] In both cases, Plaintiff named as defendants Jefferson Parish District Attorney Paul Connick; Kenner Police Department; Orleans Parish Child Protection Services; Marion Johnson; Clayton Latimer and Robin Bickham Lee.

[53] *See Pittman v. Moore*, 980 F.2d 994, 995 (5th Cir. 1993) (a complaint is malicious when it "duplicates allegations of another pending federal lawsuit by the same plaintiff" or when it raises claims arising out of a common nucleus of operative facts that could have been brought in the prior litigation); *Wilson v. Lynaugh*, 878 F.2d 846 (5th Cir. 1989) ("res judicata bars all claims that were brought or could have been brought based on the operative factual nucleus"); *see also Thompson v. Edwards*, No. 19-715, 2020 WL 237987, at *2 & n.12 (M.D. La. Apr. 6, 2020) (citations omitted).

[54] *Petro-Hunt, L.L.C. v. U.S.*, 365 F.3d 385, 395 (5th Cir. 2004) (citations omitted).

[55] *Mowbray v. Cameron Cnty.*, 274 F.3d 269, 281 (5th Cir. 2001) (citing *Boone v. Kurtz*, 617 F.2d 435, 436 (5th Cir. 1980); *accord United Home Rentals, Inc. v. Tex. Real Estate Comm'n*, 716 F.2d 324, 330 (5th Cir. 1983)).

[56] The four elements are:  (1) The parties are identical or in privity; (2) The judgment in the prior action was rendered by a court of competent jurisdiction; (3) The prior action was concluded by a final judgment on the merits; and (4) The same claim or cause of action was involved in both actions.  *In re Southmark Corp.*, 163 F.3d 925, 934 (5th Cir. 1999).

[57] *See* ECF Nos. 46 (Order and Reasons dismissing with prejudice Plaintiff's claims against Nancy A. Konrad, Paul D. Connick, Marion Johnson, Clayton Latimer, Samantha Barker, the State of Louisiana through its Department of Children & Family Services (incorrectly sued & listed as "State of Louisiana," "Orleans Child Protection Services," and "Jefferson Child Protection Services"), and Joseph R. Casanova without prejudice to plaintiff's right to challenge in the appropriate Louisiana state court the state court judgments from which plaintiff seeks relief herein, to the extent that such rights have not expired); & 48 (Order & Reasons granting Motions to dismiss claims against Defendant Kenner Police Department with prejudice and dismissing without prejudice the claims against Stephanie Bickham and Robin Lee Bickham); and 49 (Final Judgment) in Civil Action No. 13-00423.

**B.  Time-Barred § 1983 and *Bivens* Claims**

To the extent Plaintiff's claims are not malicious, many are time-barred.  Plaintiff alleges

that certain defendants violated a custody judgment "without probable cause" on December 7,

2007.[58]  She further alleges judicial misconduct by two federal judges in 2013.

Neither Section 1983 and nor *Bivens* prescribe a statute of limitations, so a suit brought

under either statute is subject to "the general statute of limitations governing personal injuries in

the forum state."[59]  Plaintiff alleges, *inter alia*, that the Kenner Police Department, DA Connick,

and other defendants engaged in public corruption and violated her civil rights by violating a

custody judgment issued by a Louisiana court in 2007.[60]  Louisiana has a one year statute of

limitations or more accurately, a one-year prescriptive period for personal injury claims.[61]  As the

alleged violation occurred in 2007 and the "judicial misconduct" occurred in 2013, Plaintiff's

constitutional claims regarding those occurrences under § 1983 and *Bivens* are now time barred.

District courts may *sua sponte* dismiss claims as frivolous under § 1915(e) where it is clear

from the face of the complaint filed *in forma pauperis* that the claims asserted are barred by the

applicable statute of limitations.[62]  Accordingly, Plaintiff's § 1983 claim regarding a 2007 custody

---

[58] ECF No. 1 at 7.

[59] *Heilman v. City of Beaumont*, 638 F. App'x 363, 366 (5th Cir. 2016) (citing *Piotrowski v. City of Hous*., 237 F.3d 567, 576 (5th Cir. 2001)); *see also Hearn v. McCraw*, 856 F. App'x 493, 495-96 (5th Cir. 2021) ("Because § 1983 does not provide a statute of limitations, courts borrow from state law. . . [a]nd typically, courts look to a state's statute of limitations for personal injury torts.") (Citing *Wallace v. Koto*, 549 U.S. 384, 387 (2007)); *Starks v. Hollier*, 295 F. App'x 664, 665 (5th Cir. 2008) ("Because there is no federal statute of limitations for § 1983 and Bivens claims, federal courts apply the general personal injury limitations period and tolling provisions of the forum state.") (citations omitted).

[60] Plaintiff also names the Tarrant County, Texas Police Department but pleads no facts suggesting any of the alleged violations occurred in Texas.  Even if she had, her 2007 and 2013 claims are still time-barred under Texas' two-year statute of limitations.  *See Starks*, 295 F. App'x at 665 (citing *Cooper v. Brookshire*, 70 F.3d 377, 380 n. 20 (5th Cir. 1995); TEX. CIV. PRAC. & REM. CODE ANN. § 16.003(a) (West 2005)).

[61] LA. CIV. CODE art. 3492.

[62] *Moore v. McDonald*, 30 F.3d 616, 620 (5th Cir. 1994) (quoting *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993)) (referencing § 1915(d), which was superseded by 28 U.S.C. § 1915(e)(2)(B) as a part of the Prison Litigation Reform Act of 1996).

order violation and *Bivens* claim regarding a 2013 federal court judgment should be dismissed with prejudice.

### C. No Diversity Jurisdiction

Even if Plaintiff's claims against the individual defendants were not malicious, this Court lacks jurisdiction over them; for the same reasons that diversity was absent in 2013, diversity jurisdiction invoked to support Plaintiff's state law claims is likewise absent in this case.

The burden of establishing federal jurisdiction rests with the party who invokes it.[63] Whether diversity jurisdiction exists is determined by examining the citizenship of the parties at the time of filing.[64]  Diversity jurisdiction is based on the facts at the time of filing.[65]  Here, Plaintiff indicates that she lives in Morgan City, Louisiana[66] and provides Louisiana addresses for all individual defendants,[67] and all but one of the government entity defendants are Louisianan.[68] For complete diversity of citizenship to exist, however, no party on one side of a case may be a citizen of the same State as any party on the other side.[69]   Given that the facts reflect Plaintiff's

---

[63] *Coury v. Prot*, 85 F.3d 244, 250 (5th Cir. 1996).

[64] *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71 (2004); *Ellison Steel, Inc. v. Greystar Constr. LP*, 199 Fed. Appx. 324, 2006 WL 2381924, at *3 (5th Cir. 2006).

[65] *Thompson v. Greyhound Lines, Inc.*, 547 F. App'x 407, 408 & n.5 (5th Cir. 2014) (citing *Grupo Dataflux*, 541 U.S. at 570; *Louisiana v. Am. Nat. Prop. Cas. Co.*, 746 F.3d 633, 636 (5th Cir. 2014)).

[66] Plaintiff states that her address is in Morgan City Louisiana.  ECF No. 1 ¶ I(A).  In the attachment to her complaint, however, she indicates that she lives in New York City and only temporarily lives in Morgan City.  Plaintiff offers no facts in support of her New York citizenship.  All events at issue appear to have occurred in Louisiana or Texas, Plaintiff obtained custody judgments in Louisiana, and Plaintiff is currently incarcerated in Louisiana.  The facts at the time of filing reflect that Plaintiff is a Louisiana citizen.  *See Thompson*, 547 F. App'x at 408.

[67] *See* ECF Nos. 1-2—1-18 (Louisiana addresses provided for Connick, Samantha Webb, Cunningham, Adams, Robertson, Johnson, Lee, Jones, Lenoir, Brown, Kim Webb, Glenn Webb, Jahmar Webb, Bickham, Smith, and Gatlin).

[68] The Kenner, Morgan City, and New Orleans Fifth District Police Departments Morgan City Housing Authority, Jackson State Hospital (Formally the "Eastern Louisiana Mental Health System" located in Jackson, Louisiana), and Jefferson Parish Public School, Hazel Park Elementary are all local/state Louisiana entities.  This leaves only the Tarrant County, Texas Police Department as a diverse Defendant.

[69] *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citation omitted); *Getty Oil Corp., Div. of Texaco, Inc. v. Ins. Co. of North Am.*, 841 F.2d 1254, 1258-59 (5th Cir. 1988); *Corfield v. Dallas Glen Hills, LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted); *Bynane*, 866 F.3d at 355 (citation omitted).

Louisiana citizenship and her assertion that the majority of defendants are Louisiana citizens, complete diversity is absent.[70]

### D. Federal Question Jurisdiction

Plaintiff's complaint appears to reflect claims arising under federal law, thus triggering federal question jurisdiction. 28 U.S.C. § 1331. When a federal claim appears on the face of the complaint, "[d]ismissal for lack of subject matter jurisdiction is only proper in the case of a frivolous or insubstantial claim, i.e., a claim which has no plausible foundation or which is clearly foreclosed by a prior Supreme Court decision."[71] If a claim is "patently without merit," it may be dismissed for want of jurisdiction.[72]

On her form civil rights complaint, Plaintiff indicates that she brings *Bivens* claims against federal officials and § 1983 claims against state or local officials.

### 1. *Bivens* Claims and Absolute Judicial Immunity

Though Plaintiff indicates that she is bringing *Bivens* claims against federal officials,[73] she neither names as defendants nor attaches any summonses for any federal officials. Instead, Plaintiff raises a claim against former District (now Circuit) Judge Kurt D. Engelhardt and former Magistrate Judge Daniel E. Knowles, III in the body of and attachment to her complaint, claiming that "The defendant's federal Judge's Final Judgment was incorrectly. They failed to protect plaintiff and children['s] civil right from more harm [and] abuse in criminal activities of corruption."[74] From this statement, it appears that Plaintiff attempts to state a *Bivens* claim against Judges Knowles and Engelhardt for dismissing her 2013 case. Plaintiff asserts that the federal judges violated her constitutional rights under

---

[70] *Tinlin v. DeShazo,* 244 F.3d 135, 2000 WL 1901528 (5th Cir. 2000).
[71] *Young v. Hosemann,* 598 F.3d 184, 188 (5th Cir. 2010) (citing *Bell v. Health–Mor*, 549 F.2d 342, 344 (5th Cir. 1977)).
[72] *Id.* (citing *Suthoff v. Yazoo County Indus. Dev. Corp.*, 637 F.2d 337, 340 (5th Cir. 1981)).
[73] *See* ECF No. 1 ¶ II(A) at 3.
[74] ECF No. 1 at 4, 7.

42 U.S.C. under section 1983; civil rights violation tilt [sic] VI-VII 7018(a)(b)(1), 102 sat. 4396 Apr. 11, 1968, 42 U.S.C. under tile 1981, Conspiracy against rights, 42 U.S.C. 1968 Fair housing Act.  18 U.S.C. 241-242, 62stat.696; Pub.L. 90-284, Tile VI-60006(a), 604(b)(14)(a).  Employment Discrimination title 1967(a)(1)(b) section 706(g). Civi.R. 19964 (42 U.S.C. 2000e-5(b) Oct 11, 1996, 110 stat.3507-3511.e.[75]

*Bivens*, however, does not extend to "new contexts" that are "different in a meaningful way from previous *Bivens* cases decided by [the Supreme] Court."[76]  Plaintiff's claims against these judges meaningfully differ from those recognized in prior *Bivens* cases referenced above.  None of those cases addresses claims against a federal judge for their role and rulings in civil proceedings.  Because Plaintiff's claims involve new theories of liability against a new category of defendant, they arise in a new context.[77]

To determine whether the court should consider extending *Bivens* to this new context, the court may consider "whether there are sound reasons to think Congress might doubt the efficacy or necessity of a damages remedy, and whether the Judiciary is well suited, absent congressional action or instruction, to consider and weigh the costs and benefits of allowing a damages action to proceed."[78]  Congress has not passed legislation that would extend *Bivens* to situations even remotely similar to Plaintiff's claims against a federal judge.  Doing so here would be in tension with principles of absolute judicial immunity (addressed below), which Congress has statutorily extended beyond monetary relief to also prohibit suit for injunctive and declaratory relief.  Under this guidance, it does not appear that Plaintiff has a cognizable claim under *Bivens* against this judicial officer.

---

[75] ECF No. 1 ¶ II(C) at 3-4.

[76] *Butler v. Porter*, 999 F.3d 287, 294 (5th Cir. 2021), *cert denied*, 142 S. Ct. 766 (2022) (quoting *Abbasi*, 137 S. Ct. at 1864).

[77] *See, e.g., Rote v. Comm. on Jud. Conduct and Disability of Jud. Conf. of United States*, 577 F. Supp. 3d 1106, 1137-38 (D. Or. Dec. 30, 2021) (finding *Bivens* claims against federal judges were not cognizable because they arose in new context and there were reasons counseling against extending *Bivens* to the new context).

[78] *Hernandez*, 140 S. Ct. at 743 (internal quotation marks omitted) (quoting *Abbasi*, 137 S. Ct. at 1858); *see also Canada v. United States*, 950 F.3d 299, 309 (5th Cir. 2020) (citation omitted).

Even if a federal judge could be sued in a *Bivens* action, "[a] judge generally has absolute immunity from suits for damages."[79]  It is well established that judges enjoy absolute judicial immunity from suits for damages for all judicial acts except those undertaken with a "clear absence of all jurisdiction."[80]  Federal courts have applied this to suits brought under *Bivens*.[81]  An act is judicial for purposes of this analysis, based on "the nature of the act itself."[82]  Courts broadly construe the acts of judicial officers in favor of immunity.[83]  The judicial officer's immunity will not be overcome by mere allegations of "bad faith or malice."[84]

The federal courts also have extended this absolute judicial immunity to *Bivens* suits for injunctive and declaratory relief.[85]  This conclusion derives from policy considerations as well as congressional amendments to § 1983 which extend judicial immunity to injunctive relief unless a declaratory decree was breached.[86]  Without an extension of immunity to requests for injunctive and declaratory relief, a disgruntled litigant would be able to effect a "horizontal appeal" or "reverse review" by simply suing judges in separate civil actions.[87]

Plaintiff asserts a claim against a "federal Judge" based on a judgment purportedly entered "incorrectly" resulting in failure to protect plaintiff and her children's civil rights "from more harm

[79] *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (citations omitted).
[80] *Stump v. Sparkman*, 435 U.S. 349, 356-57, 362 (1978); *Pierson v. Ray*, 386 U.S. 547, 554-55 (1967); *Morrison v. Walker*, 704 F. App'x 369, 372–73 (5th Cir. 2017).
[81] *Villegas v. Galloway*, 458 F. App'x 334, 337 (5th Cir. 2012).
[82] *Stump*, 435 U.S. at 362; *Ballard v. Wall*, 413 F.3d 510, 515 (5th Cir. 2005).
[83] *Id*. at 515.
[84] *Mireles*, 502 U.S. at 11.
[85] *See, e.g., Thibodeaux v. Africk*, No. 14-921, 2014 WL 3796078, at *3 (E.D. La. July 30, 2014) (citing *Bolin v. Story*, 225 F.3d 1234, 1242-43 (11th Cir. 2000); *Emerson v. United States*, No. 12-884, 2012 WL 1802514, at *3 (E.D. La. Apr. 30, 2012); *Boyd v. Vance*, No. 09-7643, 2010 WL 235031, at *2 (E.D. La. Jan. 13, 2010)); *see also, Doe v. Rivera*, No. 19-151, 2020 WL 5078771, at *6 (N.D. Miss. Aug. 27, 2020) (in addition to immunity from suit for monetary damages, absolute immunity also "extends to *Bivens* claims for injunctive relief.").
[86] *Thibodeaux*, 2014 WL 3796078, at *3 (citing *Wightman v. Jones*, 809 F. Supp. 474, 476-79 (N.D. Tex. Dec. 7, 1992) (holding that in the context of a *Bivens* action, judicial immunity bars both declaratory and equitable relief)).
[87] *Wightman*, 809 F. Supp. at 479.

[and] abuse in criminal activities of corruption."[88]  Plaintiff's claims, therefore, arise from acts that are without doubt judicial in nature.

Certainly, the resolution of Plaintiff's prior civil proceedings was not done "clear absence of all jurisdiction."[89]  Plaintiff's complaint and claims for relief amount to the type of improper "horizontal" and "reverse" attack that the courts cited above have condemned.  Plaintiff may not use a *Bivens* action as a means to collaterally attack any rulings issued by Judges Knowles or Engelhardt in her 2013 case.

For the foregoing reasons, the claims against "federal Judges" are barred by absolute judicial immunity.  Nor does Plaintiff name as defendants any other federal officials.  As such, Plaintiff's *Bivens* claims should be dismissed as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against immune defendants.

## 2. **1983 Claims**

### a. **Improper and Immune Defendants**

Plaintiff purports to raise § 1983 claims against several state entities and public officials, including (1) Jefferson Parish District Attorney Paul Connick; (2) Kenner Police Capt. Michael Cunningham and/or the Kenner Police Department; (3) Morgan City Police Chief Chad M. Adams and/or Morgan City Police Department; (4) New Orleans 5th District Police Department; (5) Orleans Parish Child Protective Services; (6) Tarrant County, Texas Police Department; (7) Morgan City Housing Authority Director Clarence Robertson and/or Morgan City Housing Authority; (8) Jackson State Hospital; and (9) Jefferson Parish Public School Hazel Park Elementary.

---

[88] ECF No. 1 ¶II(D) at 4.
[89] *See Stump*, 435 U.S. at 362.

Claims against Jefferson Parish District Attorney Connick, Kenner Police Department Captain Cunningham, and Morgan City Police Chief Adams, each in their official capacity,[90] are equivalent to suits against Jefferson Parish, Morgan City, and Kenner.[91]    In that respect, "municipalities cannot be held liable for constitutional torts under § 1983 'on a *respondeat superior* theory,' but they can be held liable 'when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury.'"[92]  Thus, to state a non-frivolous claim against a district attorney or police chief in an official capacity, the plaintiff must establish that the named defendant is a final Parish policymaker and identify the Parish policy or custom which allegedly caused the deprivation of his constitutional rights.[93]

      i.     District Attorney Connick

Plaintiff asserts that the Kenner Police Department and DA Connick "setup hate crimes using ex-boyfriend"[94] and that the DA "is trying to wrongfully have [Plaintiff and her] son Jacoby Bickham in jail innocently to cover up corruption."  Initially, Plaintiff pleads no facts in support of this allegation.  Moreover,  Plaintiff has not alleged that Connick is a final policymaker for the Parish or even identified any Jefferson Parish policy that led to a constitutional violation or that

---

[90] Plaintiff indicates that she brings claims against Adams and Cunningham in their individual capacity (*See* ECF No. 1 ¶ II(B) at 2-3), but their official capacity is addressed herein out of an abundance of caution.
[91] *Connick v. Thompson*, 563 U.S. 51, 59-60 (2011) (a district attorney in Louisiana is a Parish official and claims against Orleans Parish District Attorney in an official capacity are addressed under the standards of *Monell v. Dept. of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978)); *Burge v. Par. of St. Tammany*, 187 F. 3d 452, 470 (5th Cir. 1999) ("For purposes of 'official capacity' suits under § 1983, the district attorney's office resembles other local government entities."); *Bean v. Pittman*, No. 14-2210, 2015 WL 350284, at *2 (E.D. La. Jan. 26, 2015) (official capacity against Jefferson Parish sheriff's deputies is suit against the Parish through the Sheriff's Office); *see also Owen v. City of Independence*, 445 U.S. 622, 638 (1980) (refusing to apply immunities for personal liability to *Monell* claims against local governments because "there is no tradition of immunity for municipal corporations").
[92] *Burge*, 187 F. 3d at 470 (quoting *Monell*, 436 U.S. at 691).
[93] *Rinker v. New Orleans Dist. Atty.*, No. 10-0810, 2010 WL 2773236 at *4-5 (E.D. La. Jun. 15, 2010), *R&R adopted by* 2010 WL 2773383, at *1 (E.D. La. Jul. 12, 2010) (citing *Murray v. Town of Mansura*, 76 F. App'x 547, 549 (5th Cir. 2003); *Treece v. Louisiana*, 74 F. App'x 315, 316 (5th Cir. 2003)); *see also Hernandez v. Theriot*, 38 F. Supp. 3d 745, 746 (M.D. La. 2014) ("A suit against a municipal Police Chief in his/her official capacity is a suit against the municipality.") (citing *Hafer v. Melo*, 502 U.S. 21 (1991); *Bennett v. Pippin*, 74 F.3d 578, 584 (5th Cir. 1996)).
[94] ECF No. 1 ¶ III (B) at 4.

resulted in any alleged bias, prejudice, conspiracy, or sexual misconduct that caused her constitutional injury.  Therefore, she has not stated any basis for a *Monell* claim against Connick in his official capacity.  Plaintiff's claims against DA Connick in his official capacity are frivolous and otherwise fail to state a claim for which relief can be granted.  The claims should be dismissed pursuant to 28 U.S.C. § 1915(e), § 1915A.

      ii.      Police Chief Adams and Police Captain Cunningham

Although Plaintiff names Chief Adams and Capt. Cunningham as Defendants in their individual capacities, she makes no factual assertions about either Defendant in his individual capacity.  Instead, it appears that Plaintiff names these Defendants only insofar as they hold supervisory positions over the Kenner and Morgan City Police Departments.[95]  An individual defendant can only be liable under § 1983 if he was "personally involved in the acts causing the deprivation of his constitutional rights or a causal connection exists between an act of the official and the alleged constitutional violation."[96]  Without an allegation of personal involvement, a supervisory official, like a police chief or captain, cannot be held liable pursuant to § 1983 simply because one of his subordinates allegedly violated the plaintiff's constitutional rights.[97]  A plaintiff must instead establish that she suffered a constitutional violation or physical injury directly resulting from an order, policy, or directive implemented by the sheriff to create a vicarious liability under § 1983.[98]

---

[95] *See* ECF No. 1 at 6 ("Defendants: The Kenner Police Department, Capt. Michael Cunningham… Morgan City Police Department… Chief: Chad M. Adams).

[96] *Douthit v. Jones*, 641 F.2d 345, 346 (5th Cir. 1981); *Watson v. Interstate Fire & Cas. Co.*, 611 F.2d 120, 123 (5th Cir. 1980).

[97] *See Alton v. Tex. A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999); *see also Oliver v. Scott*, 276 F.3d 736, 742 (5th Cir. 2992) ("Section 1983 does not create supervisory or *respondeat superior* liability.").

[98] *See Johnson v. Moore*, 958 F.2d 92, 94 (5th Cir. 1992); *Thompson v. Upshur County*, 245 F.3d 447, 459 (5th Cir. 1991); *Thompkins v. Belt*, 828 F.2d 298, 304 (5th Cir. 1987); *City of St. Louis v. Praprotnik*, 485 U.S. 112, 124-25 (1988).

Plaintiff, however, has not referenced any order, training, or other policy implemented by the Chief Adams or Capt. Cunningham that factored into the events about which she complains. Nor has Plaintiff alleged any personal action by or connection with Chief Adams or Capt. Cunningham to hold either defendant liable under § 1983 based on the actions of their subordinates. Thus, Conley's claims against Adams and Cunningham should be dismissed pursuant to 28 U.S.C. § 1915 and § 1915A as frivolous and otherwise for failure to state a claim for which relief can be granted.

iii.    Police Departments

Plaintiff alleges that the Jefferson, Kenner, Orleans Fifth District, Morgan City, and Tarrant County Police Departments are covering up corruption, engaging in misconduct, and violating Plaintiff's and her children's civil rights.[99]

In Louisiana, "a parish sheriff's office is not a legal entity capable of being sued in a federal civil rights action."[100] The same is true of a city police department, which "is merely a department . . . and not a proper party defendant" in a § 1983 action.[101] The State of Louisiana grants no such legal status to any law enforcement office or department.[102] Similarly, under federal law, Louisiana's sheriff's offices and city police departments are not considered to be "persons" for purposes of § 1983 liability.[103] Likewise, federal courts in Texas have routinely held that "entities

---

[99] ECF No. 1 at 6.

[100] *Francis v. Terrebonne Par. Sheriff's Office*, No. 08-4972, 2009 WL 4730707, at *2 (E.D. La. Dec. 9, 2009) (citing *Cozzo v. Tangipahoa Par. Council-President Gov't*, 279 F.3d 273, 283 (5th Cir. 2002)); *Williamson v. Louisiana*, No. 08-4598, 2008 WL 5082911, at *3 (E.D. La. Nov. 24, 2008); *Martin v. Davis*, No. 06-1770, 2007 WL 763653, at *2 (E.D. La. Mar. 8, 2007) (citing LA. REV. STAT. ANN. § 33:361 and *Causey v. Par. of Tangipahoa*, 167 F. Supp. 2d 898, 909 (E.D. La. 2001)); *Fitch v. Terrebonne Parish Sheriff Dep't*, No. 06-3307, 2006 WL 2690077, at *2 (E.D. La. Sept. 18, 2006).

[101] *Causey*, 167 F. Supp. 2d at 909 (citing *Norwood v. City of Hammond*, No. 99-879, 1999 WL 777713, at *2 (E.D. La. Sep. 30, 1999)).

[102] *Liberty Mut. Ins. Co. v. Grant Parish Sheriff's Dep't*, 350 So. 2d 236 (La. App. 3d Cir. 1977).

[103] *Calhoun v. Sanderson*, No. 01-3765, 2003 WL 1595088, *5 (E.D. La. Mar. 25, 2003) (sheriff's office); *Creppel v. Miller*, No. 92-2531, 1993 WL 21408, *1 (E.D. La. Jan. 22, 1993) (sheriff's office); *Causey*, 167 F. Supp. 2d at 909 (city police department); *Melancon v. New Orleans Police Dept.*, No. 08-5005, 2009 WL 249741 at *2 (E.D. La. Jan. 30, 2009) (Order adopting Report and Recommendation) (citing *Montoya v. Taylor*, 44 F. 3d 1005 n.1 (5th Cir.1995)) (city police department).

without a separate jural existence are not subject to suit."[104]  And as the Fifth Circuit has recognized, "[i]n Texas, county sheriffs and police departments generally are not legal entities capable of being sued, absent express action by the superior corporation."[105]  Plaintiff has pled no facts demonstrating that the Tarrant County Police Department, as a county police department, is a separate jural entity subject to suit.[106]

Because the Jefferson Parish, Kenner, Orleans Fifth District, Morgan City, and Tarrant County Police Departments are not persons or suable entities to be held liable under § 1983, the claims against these defendants should be dismissed pursuant to 28 U.S.C. § 1915(e), § 1915A as frivolous and for failure to state a claim upon which relief can be granted.

iv.    Judge Konrad

Although not listed as a Defendant on Plaintiff's *Pro Se* Form Complaint, Plaintiff states that Twenty-Fourth Judicial District Court Judge Nancy A. Konrad is a Defendant in the attachment to her Complaint.[107]  To the extent the claims against Judge Konrad are not dismissed as malicious given the dismissal of same in the 2013 case, the claims are frivolous and must be dismissed.

Initially, a suit against a judge in her official capacity is not a suit against the individual and thus is not considered a "person" subject to suit under § 1983.[108]  Further, as a state court judge sued in her official capacity, any judgment would be satisfied out of the state treasury rendering

---

[104] *Fairchild v. McDnough*, No. 20-173, 2021 WL 1216480, at *3 (Mar. 8, 2021) (quoting *Torti v. Hughes*, No. 07-1476, 2007 WL 4403983, at *2 (N.D. Tex. Dec. 17, 2007) (citing cases)), *R. & R. adopted by* 2021 WL 1212799 (N.D. Tex. Mar. 30, 2021). .
[105] *Jacobs v. Port Neches Police Dep't,* 915 F. Supp. 842, 844 (E.D. Tex. 1996) (quoting *Darby v. Pasadena Police Dep't,* 939 F.2d 311, 313 (5th Cir. 1991)).
[106] *See Fairchild*, 2021 WL 1216480, at *3 (collecting cases).
[107] ECF No. 1 at 6.
[108] *Will v. Mich. Dept. of St. Police*, 491 U.S. 58, 71 (1989) (suit against a state official in official capacity is not a suit against the individual person but a suit against the official's office); *Boyd v. Lasher*, No. 09-7645, 2010 WL 677663, at *2 (E.D. La. Feb. 24, 2010) (ordering adopting Report and Recommendation) (a judge is a state official and state officials acting in that capacity are not considered to be "persons" within the meaning of § 1983); *McCloud v. Craig*, No. 09-3287, 2009 WL 2515609, at *5 (E.D. La. Aug. 17, 2009) (same).

the State liable for any alleged wrongs.[109]    As such, any claim against the judge in her official

capacity is considered a claim against the State, which is barred by the Eleventh Amendment.[110]

Thus, any claim against the judge in her official capacity is frivolous, seeks relief against an

immune defendant, and otherwise fails to state a claim for which relief can be granted, requiring

dismissal under 28 U.S.C. § 1915(e).

To the extent Plaintiff purports to sue the judge in her individual capacity, such claims are

barred by absolute immunity because she alleges no actions by the judge that were nonjudicial in

nature.[111]    Plaintiff conclusorily asserts that Judge Konrad did not recognize the judgment of

retired Judge Earnestine S. Gray.[112]    Thus, Plaintiff's claims against Judge Konrad involve her

actions as a judicial officer presiding over a custody proceeding.    Immunity applies to a judge

acting in her authority as a presiding officer, regardless of whether the judge's actions were

erroneous, malicious, or in excess of his authority.[113]    "A judge's immunity is overcome only for

actions not taken in the judge's judicial capacity or for action taken in complete absence of all

jurisdiction."[114]    Given that Plaintiff's assertions amount to nothing more than arguing that the

judge's actions in a civil proceeding were improper, she has failed to state a plausible claim for

relief against Judge Konrad in her individual capacity.

---

[109] LA. STAT. ANN. § 13:5108.1; *Voisin's Oyster House, Inc. v. Guidry*, 799 F.2d 183, 188 (5th Cir. 1986).
[110] *Wallace v. Texas Tech Univ.*, 80 F.3d 1042, 1047 n. 3 (5th Cir.1996) ("Suits against state officials in their official capacity are considered to be suits against the individual office, and so are generally barred as suits against the state itself."); *Rackley v. Louisiana*, No. 07-504, 2007 WL 1792524 at *3 (E.D. La. Jun. 21, 2007) (suit against Louisiana state judge in an official capacity is suit against the State); *Voisin's Oyster House, Inc.*, 799 F.2d at 188; *Doris v. Van Davis*, No. 08-4138, 2009 WL 382653, at *2 (E.D. La. Feb. 12, 2009) (judgment against a Louisiana state judge in official capacity would be satisfied out of the state treasury rendering a claim against the judge a claim against the state).  The Eleventh Amendment prohibits suit against a state in federal court without the state's consent. *Edelman v. Jordan*, 415 U.S. 659 (1974).  Louisiana has not waived its sovereign immunity or consented to the exercise of federal judicial power in civil actions against it.  LA. STAT. ANN. § 13:5106(A); LA. CONST. art. I, § 26; *Harris v. La. Office of Juvenile Justice*, No. 18-13356, 2019 WL 2617175, at *4 (E.D. La. June 26, 2019) (citing *Holliday v. Bd. of Sup'rs of LSU Agr. & Mech. Coll.*, 149 So. 3d 227, 229 (La. 2014)).
[111] *Du Bois v. Warne*, 336 F. App'x 407, 409 (5th Cir. 2009) (citing *Boyd v. Biggers*, 31 F.3d 279, 284–85 (5th Cir. 1994)).
[112] ECF No. 1 at 7.
[113] *Du Bois*, 336 F. App'x at 409 (citing *Mays v. Sudderth*, 97 F.3d 107, 111 (5th Cir. 1996).
[114] *Id*. (citing *Boyd*, 31 F.3d at 284).

### 3. Failure to State a Claim

Plaintiff names as defendants the Morgan City Housing Authority and its Director Clarence Robertson, Jackson State Hospital, Orleans Parish Child Protection Services and its employees Marion Johnson (identified in caption only) and Clayton Latimer (identified in caption only), Deputy Samantha Webb (individual capacity only), and Jefferson Parish Public School Hazel Park Elementary.[115]  Beyond naming these defendants in the case caption and listing them later in the complaint as sources of "public corruption," however, Plaintiff alleges no facts, plausible or otherwise, in support of claims against these defendants.  Without specific allegations of involvement by any of these defendants, Plaintiff has failed to state a claim against them, thus her claims against Morgan City Housing Authority, Clarence Robertson, Jackson State Hospital, Orleans Parish Child Protection Services, Marion Johnson, Clayton Latimer, Deputy Samantha Webb, and Jefferson Parish Public School Hazel Park Academy should be dismissed for failure to state a claim upon which relief can be granted.[116]

### E.  Claims against Private Individuals

Plaintiff 's complaint includes various family members and ex-boyfriends, alleging they have fraudulently taken custody of certain children and grandchildren.[117]  Plaintiff also alleges that her daughter's ex-boyfriend regularly harasses them, breaks into their home, and commits domestic abuse.[118]

### 1. 1983 Claims

Generally, § 1983 claims do not cover disputes between private citizens because they are not acting under color of state law.  "As a matter of substantive constitutional law, the state-action

---

[115] *See* ECF No. 1 at 1 (case caption), 7 (typed attachment).
[116] 28 U.S.C. § 1915(e)(2); 42 U.S.C. § 1997e(c)(1); *see also* FED. R. CIV. P. 12(b)(6).
[117] *See* ECF No. 1 at 7.
[118] *See id.* ¶ III(C).

requirement reflects judicial recognition of the fact that 'most rights secured by the Constitution are protected only against infringement by governments [.]'"[119]  As a result, a private individual, such as a lay person or an attorney, cannot be held liable under § 1983 unless he conspires with a state actor to commit an illegal act that violates a plaintiff's constitutional rights.  Thus, to bring plausible constitutional claims against private individuals under § 1983, a plaintiff must allege "that (1) there was an agreement between the private and public defendants to commit an illegal act; and (2) a deprivation of a constitutional right."[120]

Plaintiff has not alleged a plausible claim that her family members or the other individual defendants conspired with a state actor to violate her state rights.  She has alleged only in the barest terms that certain public defendants "setup hate crimes using ex-boyfriend" and that "[her] family is involved" via bribery by the State of Louisiana.[121]  Plaintiff has not alleged any specific facts in support of these conspiracy claims.[122]  Although courts must "treat *pro se* pleadings more liberally, some facts must be alleged that convince [the court] that the plaintiff has a colorable claim; conclusory allegations will not suffice."[123]  Plaintiff has failed to allege any operative facts in support of her vague conspiracy claims against the private individual defendants.  As such, her § 1983 claims against Robin Lee Bickham, Gerald Jones, Roxanne Lenoir, Rohillion Brown, Kim Webb, Glenn Webb, Jahmar Webb, Ronnie Bickham, Twain Smith, and Ronald Gatlin  should be dismissed for failure to state a claim.

---

[119] *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 936 (1982) (quoting *Flagg Bros. Inc. v. Brooks*, 436 U.S. 149, 156, (1978)).

[120] *McCoy v. Hous. Auth. of New Orleans*, No. 15-398, 2015 WL 9204434, at *9 (E.D. La. Dec. 17, 2015) (citing *Priester v. Lowndes Cty.*, 354 F.3d 414, 420 (5th Cir. 2004)).

[121] *See* ECF No. 1 ¶ III(B), (C).

[122] *See Young v. Biggers*, 938 F.2d 565, 569 (5th Cir. 1991) (finding federal civil rights plaintiff's conclusory allegations that two attorneys and banker conspired to rig jury and deprive him of a fair trial as part of a conspiracy with state actors to convict plaintiff of armed robbery were insufficient to show conspiracy where operative facts were not pled).

[123] *Mills v. Crim. Dist. Ct. No. 3*, 837 F.2d 677, 678 (5th Cir. 1988).

## 2.  Domestic Claims

As the Fifth Circuit has explained, federal courts typically abstain from hearing cases "involving intrafamily relations," including those involving divorce, alimony, child custody, and visitation disputes.[124]  While the domestic relations exception, as it has come to be known, is not to be read expansively, federal courts "should be vigilant to discern the essential nature of a dispute, not permitting parties to avail themselves of a federal forum for their domestic claims by cloaking them in the trappings of a [federal] proceeding."[125]  Redress for the domestic disputes Plaintiff identifies, should any be available, would be in the Louisiana state courts.[126]  Plaintiff's claims against the private defendants regarding domestic, familial, and custodial disputes should accordingly be dismissed without prejudice for lack of subject matter jurisdiction.

The court should likewise decline to exercise supplemental jurisdiction over these state law claims under § 1367.

## F.  <u>Ongoing Criminal Cases and Request for Release from Custody</u>

Plaintiff indicates that she has called the police several times on her daughter's ex-boyfriend, presumedly Defendant Twain Smith, and that she has recently been arrested herself.[127]  To the extent her claims are intertwined with any ongoing state-court criminal case involving domestic abuse or "stay away" orders,[128] this Court must abstain from deciding a claim when doing so would interfere with a state's pending criminal prosecution.[129]  Further, to the extent Plaintiff seeks release from Jefferson Parish Correctional Center and dismissal of criminal charges,[130] a §

---

[124] *Congleton v. Holy Cross Child Placement Agency, Inc.,* 919 F.2d 1077, 1078 (5th Cir. 1990) (citing *Ex parte Burrus*, 136 U.S. 586 (1890); *Lynde v. Lynde,* 181 U.S. 183 (1901); *State of Ohio v. Agler*, 280 U.S. 379 154 (1930)).
[125] *Id*. (citing *Rykers v. Alford*, 832 F.2d 895, 900 (5th Cir. 1987).
[126] *Cahanin v. Tobias*, 5 F.3d 1494, 1993 WL 391368, at *1 (5th Cir. 1993) (unreported).
[127] ECF No. 1 ¶ III(C)B).
[128] *See* ECF No. 8 at 1.
[129] *Younger v. Harris*, 401 U.S. 37 (1971).
[130] *See* ECF No. 8 at 1.

1983 action is not the appropriate means for obtaining such relief.[131] Plaintiff would have to present any habeas corpus claims she may have in the proper habeas corpus pleading, not this § 1983 complaint.[132] She therefore fails to state a claim for which relief can be granted under § 1983.

### G.    The Motions for Injunctive Relief and to Appoint Counsel

In her "Order for Protection" and Response to Show Cause, Plaintiff requests that this Court order Defendants to stop their "violations of abuse in public corruption"[133] and immediately "intervene in this illegal action."[134] A movant seeking preliminary injunctive relief must demonstrate (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest.[135] Thus, among the critical elements necessary to grant a preliminary injunction is proof of the substantial likelihood of success on the merits.[136]

As outlined above, Plaintiff has failed to allege a non-frivolous claim to proceed past screening in this action. Thus, she has not "clearly carried the burden of persuasion" necessary to warrant relief.[137] In light of my recommendation that the claims be dismissed as frivolous and otherwise for failure to state a claim, there is no substantial likelihood of success, and the motion

---

[131] *See Wolff v. McDonnell*, 418 U.S. 539, 554 (1974) (distinguishing between habeas corpus and § 1983 suits); *Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir. 1997) (noting "§ 1983 suits are the proper vehicle to attack unconstitutional conditions of confinement and prison procedures," while "[a] habeas petition ... is the proper vehicle to seek release from custody"); *Whitfield v. Bd. of Pardons & Paroles*, No. 11-2037, 2011 WL 5986013, at *2 (N.D. Tex. Sept. 14, 2011) ("A prisoner cannot challenge the fact or duration of confinement in a § 1983 action.") (citing *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998)), *R. & R. adopted by* 2011 WL 5980038 (N.D. Tex. Nov. 30, 2011).

[132] *See Smith v. Lafourche Par.*, No. 21-1714, 2021 WL 4975698, at *3 (E.D. La. Sep. 30, 2021) (discussing when habeas relief can be granted), *R.&R. adopted,* 2021 WL 4972374, at *1 (E.D. La. Oct. 26, 2021); *accord Lerille v. Lafourche Par.*, No. 21-1729, 2021 WL 4975754, at *3 (E.D. La. Sep. 30, 2021), *R.&R. adopted,* 2021 WL 4972369, at *1 (E.D. La. Oct. 26, 2021).

[133] ECF No. 6 at 1.

[134] ECF No. 8.

[135] *eBay Inc.*, 547 U.S. at 391; *United Motorcoach Ass'n,* 851 F.3d at 492-93; *Delta Air Lines,* 847 F.3d at 285.

[136] *eBay Inc.*, 547 U.S. at 391.

[137] *Planned Parenthood of Houston & Se. Tex.*, 403 F.3d at 329.

should be denied without prejudice to her right to re-file same should her amended complaint contain plausible claims for relief.[138] Likewise, in light of the above findings, the district court should deny Plaintiff's motion to appoint counsel without prejudice to her right to re-file same should her amended complaint contain claims that proceed past the screening process.[139]

## H. Availability of Amendment

The court should freely give leave [to amend a pleading] when justice so requires."[140] Although Plaintiff has already been provided an opportunity to explain her claims in response to the court's Show Cause Order, Plaintiff should be granted leave to amend her complaint with respect to her non-malicious, non-time-barred claims against all defendants except those parties with absolute immunity. As the Fifth Circuit has held, unless it is clear that the plaintiff is unwilling or unable to amend in a manner that will avoid dismissal, the court errs in not providing a *pro se* plaintiff with at least one opportunity to cure pleading deficiencies before dismissing.[141]

## IV.    CONCLUSION

Plaintiff has not established diversity jurisdiction, and her federal question claims appear patently frivolous and are thus insufficient to support federal question jurisdiction. Even if jurisdiction were present, the claims should be dismissed as malicious under § 1915(e) and for failure to state a claim for the reasons set forth above. With regard to any non-malicious, non-time-barred claims against defendants except those parties with absolute immunity, Plaintiff

---

[138] *Brown v. Orleans Par. Sheriff's Off.*, No. 19-12432, 2019 WL 5633884, at *1 (E.D. La. Oct. 31, 2019) (plaintiff's claims were frivolous, so preliminary injunction was denied for lack of legal basis).

[139] *See Castro Romero v. Becken*, 256 F.3d 349, 353–354 (5th Cir.2001) (plaintiff in civil rights action is not entitled to court appointed counsel as matter of law).

[140] FED. R. CIV. P. 15(a)(2); *see F.D.I.C. v. Conner*, 20 F.3d 1376, 1385 (5th Cir. 1994) (noting that Rule 15(a) "evinces a strong bias in favor of granting . . .leave to amend a pleading").

[141] *Dierlam v. Trump*, 977 F.3d 471, 478 n.44 (5th Cir. 2020) (quoting *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)); *see also Hale v. King*, 642 F.3d 492, 503 (5th Cir. 2011) (cleaned up); *see also Brown v. Brown*, 842 F. App'x 948, 949 (5th Cir. 2021) ("Generally a district court errs in dismissing a *pro se* complaint for failure to state a claim under Rule 12(b)(6) without giving the plaintiff an opportunity to amend.") (quoting *Mendoza-Tarango v. Flores*, 982 F.3d 395, 402 (5th Cir. 2020) (internal quotation marks and citation omitted).

should be granted 21 days within which to amend those claims, in the absence of which those claims should be dismissed as well.  For the stated reasons, Plaintiff's requests for injunctive relief and to appoint counsel should likewise be denied.

V.    **RECOMMENDATION**

Accordingly, for the foregoing reasons,

**IT IS RECOMMENDED** that Plaintiffs' claims against all defendants involving actions preceding her 2013 federal suit be **DISMISSED WITH PREJUDICE** as malicious, frivolous, time-barred, and otherwise for failure to state a claim for which relief can be granted pursuant 28 U.S.C. §§ 1915(e),

**IT IS FURTHER RECOMMENDED** that any post-2013 claims under 42 U.S.C. § 1983 against Robin Lee Bickham, Gerald Jones, Roxanne Lenoir, Rohillion Brown, Kim Webb, Glenn Webb, Jahmar Webb, Ronnie Bickham, Twain Smith, and Ronald Gatlin  be **DISMISSED WITH PREJUDICE** as malicious, frivolous, time-barred, and otherwise for failure to state a claim for which relief can be granted pursuant 28 U.S.C. §§ 1915(e), but with leave to amend within twenty-one days.

**IT IS FURTHER RECOMMENDED** that Plaintiff's *Bivens*/§ 1983 claims against Judges Engelhardt, Knowles, and Konrad be **DISMISSED WITH PREJUDICE** as frivolous, time-barred, for seeking relief against an immune defendant and otherwise for failure to state a claim for which relief can be granted pursuant 28 U.S.C. §§ 1915.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against defendant, District Attorney Paul Connick, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous, for failure to state a claim for which relief can be granted, and for seeking relief against an immune defendant, but with leave to amend within twenty-one days.

**IT IS FURTHER RECOMMENDED** that Plaintiff's § 1983 claims against defendants, the Kenner Police Department, the Morgan City Police Department, the New Orleans Fifth District Police Department, and the Tarrant County, Texas Police Department be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous and for failure to state a claim for which relief can be granted.

**IT IS FURTHER RECOMMENDED** that Plaintiff's § 1983 claims against defendants, Police Chief Chad M. Adams and Police Captain Michael Cunningham, in both their individual and official capacities, be **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e) and § 1915A as frivolous and for failure to state a claim for which relief can be granted, but with leave to amend within twenty-one days.

**IT IS FURTHER RECOMMENDED** that Plaintiff's post-2013 claims against defendants, Morgan City Housing Authority, Clarence Robertson, Jackson State Hospital, Orleans Parish Child Protective Services, Marion Johnson, Clayton Latimer, Deputy Samantha Webb, and Jefferson Parish Public School Hazel Park Academy be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief can be granted, but with leave to amend within twenty-one days.

**IT IS FURTHER RECOMMENDED** that Plaintiff's claims against all non-diverse defendants be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction.

**IT IS FURTHER RECOMMENDED** that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims in accordance with 28 U.S.C. § 1367(c)(3) after dismissing all claims over which it has original jurisdiction.

**IT IS FURTHER RECOMMENDED** that Plaintiff's **Motion for Injunction (ECF No. 6)** be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Plaintiff's **Motion to Appoint Counsel (ECF No. 3)** be **DENIED**.

### NOTICE OF OPPORTUNITY TO OBJECT

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.[142]

New Orleans, Louisiana, this __12th__ day of December, 2023.

DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[142] *Douglass v. United Servs. Auto. Ass'n*, 79 F. 3d 1415, 1430 (5th Cir. 1996) (*en banc*) (citing 28 U.S.C. § 636(b)(1)). *Douglass* referred to the previously applicable ten-day period for filing of objections, which was extended to fourteen days by amendment effective December 1, 2009, 28 U.S.C. § 636(b)(1).